**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re:** | |
| **D SAN JOSE, LLC,** | **Case No. 25-43157 (BTR)** |
| **Debtor.** | **Chapter 11** |

**NON-PARTIES (I) JAGMOHAN DHILLON, (II) GALAXY MANAGEMENT COMPANY, LLC, AND (III) SUDHA L. POTLA'S**

**EMERGENCY MOTION TO QUASH AND FOR PROTECTIVE ORDER**

**FROM CHOICE HOTELS, INC.'S NEW YEAR'S EVE PRODUCTION SUBPOENAS**

TO THE HONORABLE BRENDA T. RHOADES,
CHIEF U.S. BANKRUPTCY JUDGE:

Non-parties Jagmohan Dhillon, Galaxy Management Company, LLC ("Galaxy"), and Sudha L. Potla (collectively, the "Movants") file this Emergency Motion to Quash and for Protective Order regarding subpoenas issued by Choice Hotels, Inc. ("Choice Hotels") near close of business on December 31, 2025, and respectfully shows the Court as follows:

## I. INTRODUCTION

1. Movants are all non-parties, one of whom had not even retained counsel or made any appearance in this case previously. Nevertheless, Choice Hotels thought it reasonable to issue document production subpoenas on these non-parties at 4:00 p.m. on New Year's Eve and give the Movants until January 7, 2026, at 5:00 p.m. to respond. With the holidays, this gave Movants effectively three business days to review the subpoenas, consider production options, confer with counsel, and prepare and serve responses and pull, exchange, review, redact, stamp, and produce responsive production. The subpoenas are in some cases facially overbroad and unduly

burdensome, and Choice Hotels has so far refused to grant even a minimal extension to the Movants or confirm a trimmed-down version of the Subpoenas would be acceptable. Consequently, Movants ask the Court to quash these subpoenas and enter a protective order since Choice Hotels set the deadline for compliance for today at 5pm CT.

## II. FACTUAL BACKGROUND

2. Mr. Dhillon is one of the principals of the Debtor entity and he indirectly owns or controls dozens of hotels around the country, including the one at issue in this case. Mr. Dhillon owns Galaxy, a management company with over 600 employees that manages substantial hotel operations, financial matters, and backend administrative services for the hotels. Ms. Potla is a former minority shareholder of the Debtor entity and a longtime employee of Galaxy.

3. At roughly 4:00 p.m. on New Year's Eve, Choice Hotels fired off a barrage of subpoenas[1] to various Galaxy employees and current or former shareholders of the Debtor. Copies of the subpoenas to Mr. Dhillon, Galaxy, and Ms. Potla are attached hereto and respectively marked **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** (collectively, the "Subpoenas"). The Movants have endeavored in earnest to review, assemble, confer on, and produce documents in line with the tailored responses and objections attached hereto and respectively marked **Exhibit 4**, **Exhibit 5**, and **Exhibit 6** (collectively, the "Responses"). Also, attached hereto as **Exhibit 7** is the Declaration of Mr. Jagmohan Dhillon, reflecting some of the undue burden and expense incurred by the Movants in their efforts to comply with the Subpoenas.[2]

[1] Including those to the Movants, Choice Hotels has now issued ***nine*** subpoenas to former members of the Debtor and employees of Galaxy. Choice Hotels also issued over a dozen requests for production to the Debtor. The subpoenas to Mr. Dhillon and Galaxy were accepted by email to undersigned counsel.

[2] Due to the short deadline for compliance and seeking of relief under the Rules, Movants reserve all rights to supplement their evidence to support their compliance efforts and request for attorneys fees for the undue burden and expense caused by the New Year's Eve Subpoenas.

4. Choice Hotels demanded responses no later than 5:00 p.m. on January 7, 2026. Taking the holidays into account, this gave the Movants and other respondents three business days to meet with counsel and decide how to respond, review and gather documents, and prepare written responses and production. And considering the minimal response time provided, the Subpoenas are onerous in terms of the breadth and volume of documents requested.

5. For instance, the subpoena to Mr. Dhillon requires him to produce any and every document that evidences Mr. Dhillon's financial wherewithal to provide financing to the Debtor's reorganization, and all communications he has had with any relatives or their businesses regarding any loans Mr. Dhillon or his numerous entities have ever received from them. *See* Ex. 1, pg. 7 of 137. The subpoena to Galaxy contains 12 separate document requests, including patently overbroad and unduly burdensome requests such as, for example, "all books and records of the Debtor" without limitation or even defining "books and records" to give Galaxy some guidance on what Choice Hotels is seeking. *See* Ex. 2, pg. 8 of 138. The subpoena to Ms. Potla requires her to produce any and every communication she has ever had with any person representing the Debtor. *See* Ex. 3, pg. 8.

6. Galaxy's offices were closed for the New Year Holiday until Monday, January 5, 2026, and since Galaxy manages the Debtor's operations, this largely stalled significant movement on responding to the subpoenas until Monday. Nevertheless, upon receipt of the Subpoenas, Movants' counsel immediately sent an email to Choice Hotels stating their clients' intention to comply in good faith as best they could but they would likely need additional time given the broad scope. Choice Hotels has denied any extra time, arguing instead that their document requests were simple and easy to comply with.

## III **LEGAL STANDARD**

7. Rule 45 of the Federal Rules of Civil Procedure, made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy Procedure, permits a non-party served with a subpoena to seek a protective order from responding to that subpoena if, among other reasons, it allows insufficient time to respond and imposes undue burden on the respondent. Fed. R. Civ. P. 45(d)(3)(A)(i), (iv).

8. Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This Court "must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *Id.*

9. Rule 45 affords added protections to non-parties subject to subpoenas. *See generally* Fed. R. Civ. P. 45(d). Non-parties ordered to produce subpoenaed documents must be protected from significant expenses resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(ii). This is "because nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *Sofia Gutierrez v. Benavides*, 2013 WL 12394687, at *2 (S.D. Tex. Oct. 4, 2013) (citing cases). Consequently, the court must quash or modify a subpoena that either (i) fails to allow a reasonable time to comply, or (ii) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv).

10. Courts in the Fifth Circuit consider the following factors in evaluating whether a subpoena imposes an undue burden: (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by

the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed. *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). Additionally, if the document request is made to a non-party, "the court may also consider the expense and inconvenience to the non-party." *Id.* (citing *Wiwa*, 392 F.3d at 818).

## IV ARGUMENTS AND AUTHORITIES

### A. The Subpoenas Should be Quashed or Modified.

11. A motion for protective order is timely if filed served within the earlier of (a) the response deadline, or (b) 14 days from service. Fed. R. Civ. P. 45(d)(B). The Subpoenas are dated December 31, 2025, and their response deadline is January 7, 2026, at 5:00 p.m., so this Motion is timely.

12. There is no question that Choice Hotels did not give the Movants a "reasonable time to comply" with the Subpoenas. *See* FRCP 45(d)(3)(A)(i) (subpoena may be quashed if it fails to give respondent a "reasonable time to comply"). Courts around the country routinely quash broad document production subpoenas that give respondents less time than a party receives under Rule 34. *See, e.g.*, *BNSF Railway Ry. Co. on behalf of United States v. Ctr. for Asbestos Related Disease, Inc.*, 2022 WL 1442854 at *4-5 (D. Mont. May 6, 2022) (quashing subpoena for demanding production "within a third" of the 30-day timeframe Rule 34 affords to parties), *Cone v. Vortens, Inc.*, 2018 WL 295417 at *2 (E.D. Tex. Jan. 4, 2018) (holding that 2.5 weeks was not enough time to comply with a subpoena served just before Christmas when employees involved with locating documents were unavailable for Christmas and New Year holidays), *Traut v. Quantum Servicing, LLC*, 2018 WL 1035134 at *5 (N.D. Tex. Feb. 23, 2018) (holding that serving a subpoena 5 days before a deadline is not sufficient time to comply).

13. Given the issuance and service of the subpoenas on New Year's Eve, and the sheer number of subpoenas to several non-parties, the Court can also reasonably surmise there was an element of harassment attached to each subpoena.

14. The time and expense required to manually search for, extract, compile, and review for privilege and potential redaction each requested document within just three business days constitutes an undue burden on a non-party. *See Marchlewicz v. Bros. Xpress, Inc.*, 2021 WL 397398, at *2 (W.D. Tex. Feb. 4, 2021) (quashing subpoena where compliance required substantial employee time to search and retrieve records); *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (finding subpoena unduly burdensome to non-party where compliance would require over sixty hours of work).

15. The subpoenas are also overbroad and unduly burdensome. Although Mr. Dhillon's subpoena is ostensibly only two document requests, both requests are subject to such expansive interpretations they are facially overbroad. Galaxy's and Potla's subpoenas are even more onerous on their face. This burden is only magnified by the timing demanded under Choice Hotel's subpoenas.

16. The Movants respectfully ask the Court to either quash the Subpoenas or modify them in line with the Movants' attached Responses to comply with Rule 45 when Choice Hotels has failed to do so.

**B. The Movants Should Be Granted Attorneys' Fees.**

17. Under Federal Rule of Civil Procedure 45(d)(1), a court must award reasonable attorney fees against a party who fails to take reasonable steps to avoid imposing an undue burden or expense on a person subject to a subpoena. Choice Hotels has failed to take reasonable steps to avoid an undue burden on each of the non-parties by not providing sufficient time or properly

tailoring each subpoena to the relevant issues. As a result, each non-party Movant has incurred attorneys' fees and costs to respond to facially overbroad subpoenas. Accordingly, an award of attorneys' fees is warranted. *See Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 58-59 (N.D. Tex. 2015) (awarding attorneys' fees to a non-party for a facially overbroad subpoena).

## V. CONCLUSION

For the reasons stated above, the Movants ask the Court to quash the Subpoenas and enter a protective order barring Choice Hotels from issuing further subpoenas without leave of Court, or alternatively modifying the subpoenas to provide the Movants additional time and narrowing them to a reasonable scope as set forth herein. The Movants also request the Court grant them their attorneys' fees and expenses incurred in responding to the Subpoenas and prosecuting this Motion and grant the Movants all further relief at law and equity as is appropriate under the circumstances.

Date: January 7, 2026.

Respectfully submitted,

*/s/ Mark A. Castillo*

Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
Victor G. Solyanik
Texas State Bar No. 24143426
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000
Facsimile: 214-580-2641
Email: markcastillo@ccsb.com
rrowe@ccsb.com
vsolyanik@ccsb.com

***Counsel for Jagmohan Dhillon, Amandeep Dhillon, Galaxy Management Company, LLC, and Sudha L. Potla***

## CERTIFICATE OF CONFERENCE

The undersigned certifies that one hour after email receipt of the Subpoenas on Wednesday, **December 31, 2025**, counsel for the Movants communicated with Choice Hotels' counsel that Mr. Dhillon confirmed he would do all he can to comply but that the offices were closed for New Year's Eve until Monday and that scope and timing may need to be worked on. Counsel for the parties also exchanged emails on Friday, **January 2, 2026** that disagreed on the scope and difficulty of the Subpoenas. Counsel for the Movants provided further reports on **January 6 and 7, 2026** on what could be produced in the timeframe, but the parties were unable to reach agreement on scope and timing of the Subpoenas. The parties' counsel continue to confer; however, this Motion for Protection is filed for Court relief within the timeframe for compliance demanded in the Subpoenas.

*/s/ Mark A. Castillo*
Mark A. Castillo

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties receiving ECF-Notice in this case, including counsel for Choice Hotels, Inc., Hugh Ray at hugh.ray@pillsburylaw.com and Mark Stromberg at mark@strombergstock.com on this 7th day of January 2026.

*/s/ Mark A. Castillo*
Mark A. Castillo