**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re:** | |
| **D SAN JOSE, LLC,** | **Case No. 25-43157 (BTR)** |
| **Debtor.** | **Chapter 11** |

**JAGMOHAN DHILLON'S OBJECTION TO**
**CHOICE HOTEL'S MOTION FOR CHAPTER 11 TRUSTEE**
**[Relates to Docket 53]**

TO THE HONORABLE BRENDA T. RHOADES,
CHIEF U.S. BANKRUPTCY JUDGE:

Jagmohan Dhillon, a member of the Debtor and party in interest in this case hereby objects to *Choice Hotel's Motion for Chapter 11 Trustee* [Dkt. 53] and respectfully shows the Court as follows.

## I. Joinder in Debtor's Objection

1. To avoid duplication and by this reference, Mr. Dhillon incorporates into this Objection the *Debtor's Objection to Choice's Motion* [Docket 84] and adopts the facts and legal arguments within Debtor's Objection.

## II. Legal Standard

2. Appointment of a Chapter 11 Trustee is the exception, rather than the rule, and is an extraordinary remedy.[1] This extraordinary remedy grants a "strong presumption" that the debtor

[1] *Ironside*, 2022 WL 509890, at *2 (citing *In re Adelphia Communications Corp.*, 336 B.R. 610, 655 (Bankr. S.D.N.Y. 2006), aff'd, 342 B.R. 122 (S.D.N.Y. 2006)); *see also*, *In re Evans*, 48 B.R. 46, 47 (Bankr. W.D. Tex. 1985).

in possession shall maintain control of the estate.[2] The philosophy of Chapter 11 is to give the debtor a second chance: "The language of subsection (a)(1) represents tacit recognition that some degree of mismanagement exists in virtually every insolvency case. The philosophy of chapter 11 is to give the debtor a 'second chance' and, consistent with such philosophy, current management should be permitted to identify and correct its past mistakes." *In re General Oil Distribs., Inc.*, 42 B.R. 402, 409 (Bankr. E.D.N.Y. 1984) (quoting 5 *Collier on Bankruptcy* ¶ 1104.01[c] at 1104–21 (15th ed. 1983)).

3. For the reasons stated within Debtor's Objection, the Court's legal standard for appointing a Chapter 11 Trustee should be the heightened clear and convincing evidence standard rather than Choice's preferred mere preponderance of the evidence.[3]

## III. Objection

4. Mr. Dhillon supplements the Debtor's Objection with the following.

5. Choice's Motion should be denied for failing to meet Choice's heightened burden of proof for its requested extraordinary remedy, and for ignoring both the substantial protections already ceded to Choice and substantial progress made by Debtor in this case. The following list shows the several substantial protections and accessions granted to Choice by the Debtor:

i. Debtor has paid Choice **$160,000 in Adequate Protection Payments**;

---

[2] *Adelphia Communications*, 336 B.R. at 655; *see also*, *In re Evans*, 48 B.R. at 47.

[3] *In re Ford Steel, LLC*, 629 B.R. 871, 889 (Bankr. S.D. Tex. 2021) ("Although the Code contains no particular standard of proof, the majority view is that the party moving for appointment of a trustee must prove the need for a trustee by clear and convincing evidence."); *see also*, *In re Ironside, LLC*, No. 20-34222, 2022 WL 509890, at *2 (Bankr. S.D. Tex. Feb. 18, 2022).

ii. Debtor has funded a **Tax Escrow** required by Choice;

iii. Debtor granted Choice **Replacement Liens and Security Interests** as protection for the potential diminution in value of Choice's collateral;

iv. Debtor granted Choice additional protections in the parties' Cash Collateral Order, like a **Choice-Approved Budget**;

v. Debtor has ceded to Choice's demand for a **New Management Company** selected by Choice;

vi. Debtor has filed **Amended Schedules and Statements** to add or correct initial missing information.

vii. Debtor has filed all required **Monthly Operating Reports**;

viii. Debtor has provided **Weekly Financial Reports**;

ix. Debtor and Mr. Dhillon have submitted to **Two Lengthy Depositions** by Choice;

x. Debtor parties have produced to Choice **Years of Financial Statements**, including bank statements, credit card statements, tax returns, and internal corporate and book-keeping documents; and

xi. Debtor agreed to file a **Plan or Motion to Sell by February 5, 2025**, and already has its plan and disclosure statement ready to be filed today.

6. All of this progress by Debtor has been made in the face of numerous document subpoenas and informal demands by Choice upon the Debtor, ownership, management, and even non-parties. Choice makes its demands of the Debtor parties with all the patience of Veruca Salt demanding her golden goose, ignoring the protections of the discovery rules, and showing absolutely no grace to the Debtor parties. Indeed, it is by Choice's design that Choice both grouses about the Debtor's bookkeeping while at the same time deluging the Debtor parties with countless and immediate demands for even more information access and documentation, hindering the Debtor from ever catching its breath.

7. This case is less than three months old, yet Debtor is ready to move forward with its plan and disclosure statement and setting dates for confirmation. Choice's latest effort to inflict maximum pain upon the Debtor should be denied both for lack of cause and for not being in the best interests of the estate's creditors.

Date: January 12, 2026.

Respectfully submitted,

*/s/ Victor G. Solyanik*
Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
Victor G. Solyanik
Texas State Bar No. 24143426
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000
Facsimile: 214-580-2641
Email: markcastillo@ccsb.com
rrowe@ccsb.com
vsolyanik@ccsb.com

***Counsel for Jagmohan Dhillon, Amandeep Dhillon, and Galaxy Management Company, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties receiving ECF-Notice in this case, including counsel for Choice Hotels, Inc., Hugh Ray at hugh.ray@pillsburylaw.com, and Mark Stromberg at mark@strombergstock.com on this 12th day of January 2026.

*/s/ Victor G. Solyanik*______
Victor G. Solyanik